ALBERT TRELOAR, Claimant-Appellee, *v.* SWINERTON & WALBERG CO., Employer-Appellant, and INDUSTRIAL INDEMNITY CO., Insurance Carrier-Appellant

NO. 7592

(CASE NO. AB 79-2)
(2-74-09284)

FEBRUARY 25, 1982

HAYASHI, C.J., PADGETT AND BURNS, JJ.

OPINION OF THE COURT BY PADGETT, J.

This is an appeal from a decision and order of the Labor and Industrial Relations Appeals Board upholding the reopening of the compensation phase of a workers' compensation claim. We reverse.

We reach only one issue. It appears from the facts that after a decision had been made upon the claim, an amended decision was issued on November 21, 1975 providing for future medical, surgical and hospital services and supplies as reasonably needed, and fixing total temporary disability benefits and permanent partial disability benefits at 25% of the whole man for 78 weeks from August 1, 1975 through January 27, 1977. The unpaid balance of these benefits was commuted pursuant to § 386-54, HRS, into a lump sum at the claimant's request. This fact is not alluded to in the decision and order below but is dispositive of this appeal since the last sentence of § 386-89(c), HRS, provides:

This subsection shall not apply when the employer's liability for compensation has been discharged in whole by the payment of a lump sum in accordance with section 386-54.

It is undisputed in the record that the employer's liability for compensation had been discharged by payment of a lump sum in accordance with § 386-54.

Claimant argues that because there was a continuing obligation for medical services, there had been no discharge. The statute, however, is clear that it is dealing with a commutation of compensation payments under § 386-54, HRS. That section has nothing to do with medical benefits but only with periodic payments.

If we were to read the sentence quoted as appellee would have us read it, so as to say that since there is a continuing liability for medical and like services, there has been no discharge of the obligation of compensation, then the sentence would be a nullity since so long as the claimant lives, there can be no cutting off of medical benefits. We will not read the sentence as a nullity. The decision and order below is reversed.

*Leroy T. Kuwasaki, Jr. (Roy M. Miyamoto* on the briefs) for appellants.

*Andrew S. Ono* and *Robert H. Thompson (Delay, Curran & Boling* of counsel) for appellee.